IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILFREDO R., | § | |
|     PETITIONER, | § | |
| | § | |
| V. | § | CIVIL CASE NO. 3:25-CV-1702-D-BK |
| | § | |
| KRISTI NOEM, ET AL., | § | |
|     RESPONDENTS. | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to 28 U.S.C. § 636(b) and *Special Order 3*, this petition for writ of habeas corpus under 28 U.S.C. § 2241 was referred to the United States Magistrate Judge for case management, including the issuance of findings and a recommended disposition when appropriate. Upon review of the relevant pleadings and applicable law, the petition should be **DISMISSED WITHOUT PREJUDICE** as moot.

**I. BACKGROUND**

On June 30, 2025, Petitioner Wilfredo R., an alien detainee at the Prairieland Detention Center in Alvardo, Texas, filed a petition for writ of habeas corpus under 28 U.S.C. § 2241, seeking to be released from the custody of Immigration and Customs Enforcement (ICE). Doc. 1. He alleges he is a citizen and national of Venezuela, who entered the United States as a visitor in 2015 and has no criminal history. Doc. 1 at 5-6. Wilfredo asserts that ICE arrested him in March 2025, allegedly based on his purported affiliation with Tren de Aragua, a criminal organization from Venezuela. Doc. 1 at 6. Wilfredo alleges that his detention violates his rights under the Fifth Amendment Due Process Clause because the Department of Homeland Security (DHS) issued a third Notice to Appear (NTA) on June 16, 2025, after he was granted Lawful

Permanent Residency Status, ostensibly to continue his detention based on his presumed affiliation with Tren de Aragua. Doc. 1 at 7-10. Wilfredo seeks immediate release from detention and a declaration that his detention violates his due process rights. Doc. 1 at 11.

On July 2, 2025, the Court ordered Respondents to answer by July 23. Doc. 4. On July 15, Wilfredo moved for a preliminary injunction, ordering his release pending a ruling, and the Court directed Respondents to respond by July 23. Doc. 5; Doc. 6. On July 18, ICE released Wilfredo on his own recognizance, requiring that he wear an ankle monitor and report periodically. Doc. 8 at 5-7.

Respondents argue that Wilfredo's release renders this action moot because he has received all the relief that he sought in his habeas petition. Doc. 8 at 1-2. Wilfredo replies that the action is not moot and that the voluntary-cessation and capable-of-repetition-while-evading-review exceptions to mootness apply. Doc. 12 at 4-7.

## II. ANALYSIS

### A. The Petition is Moot

"Article III of the Constitution limits federal 'Judicial Power,' that is, federal-court jurisdiction, to 'Cases' and 'Controversies.'" *United States Parole Comm'n v. Geraghty,* 445 U.S. 388, 395 (1980). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Id.* at 396 (quoting *Powell v. McCormack,* 395 U.S. 486, 496 (1969)). "Th[e] case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate.... The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Spencer v. Kemna*, 523 U.S.

1, 7 (1998) (quoted case omitted). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Id.*

Wilfredo sought only his release from ICE custody in his petition for writ of habeas corpus. Doc. 1 at 10-11. Because he has now received all the relief he requested, and to which he would have been entitled had he succeeded on the instant petition, his habeas corpus petition is moot. Wilfredo cannot meet his burden of showing concrete and continuing injuries sufficient to satisfy Article III's case or controversy requirement. *See Spencer*, 523 U.S. at 7 (requiring the petitioner to demonstrate "some concrete and continuing injury . . . exist"). The U.S. Court of Appeals for the Fifth Circuit has similarly held that where an alien is granted the relief he requests, no "case or controversy" remains. *See Ortez v. Chandler*, 845 F.2d 573, 575 (5th Cir. 1988) (holding petitioner's deportation mooted habeas challenge because his request for habeas relief—reduction of his bond—could no longer be effected); *see also Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (holding that the petitioner's supervised release from detention mooted his habeas challenge to the legality of his extended detention).

Wilfredo's arguments against mootness are unpersuasive. He argues that "his release does not completely rectify the alleged injuries" because his removal proceeding is still pending and ICE could easily re-detain him or alter his conditions of release, unjustly limiting his freedom. Doc. 12 at 4-5. Wilfredo relies on *Johnson v. Pettiford*, 442 F.3d 917 (5th Cir. 2006), which held that "the possibility that the district may alter [the petitioner's] period of supervised

3

release pursuant to 18 U.S.C. 3582(e)(2), if it determines that he has served excess prison time, prevents [his] petition from being moot." *Id.* at 918.

Wilfredo provides no reasoned basis to apply *Pettiford* here. He cites no authority, and the Court has found none, extending *Pettiford* to alien detainees' habeas corpus actions. Wilfredo makes only the bald assertion that the narrow holding in *Pettiford* applies here. Specifically, Wilfredo pleads no facts establishing this Court's jurisdiction over DHS' discretionary decision to commence removal proceedings much less its decision later to re-detain him or alter his conditions of release. See *El Gamal v. Noem*, 790 F. Supp. 3d 551, 557-58 (W.D. Tex. 2025) (collecting case finding federal courts lack authority to review DHS' discretionary decisions to detain aliens or seek their removal); *see also* 8 U.S.C. § 1252(b)(9) ("[N]o court shall have jurisdiction to hear any cause or claim by ... any alien arising from the decision ... to commence proceedings, adjudicate cases, or execute removal orders against any alien ...."); 8 U.S.C. 1226(e) ("The Attorney General's discretionary judgment regarding the application of this section [apprehension and detention of aliens] shall not be subject to review[,] [and n]o court may set aside any action or decision by the Attorney General under this section regarding the detention of any alien or the revocation or denial of bond or parole.").

### B. The Capable-of-Repetition-Yet-Evading-Review Exception Does Not Apply

Wilfredo also argues this case is not moot because it is capable of repetition, yet evading review. Doc. 12 at 6-7. To satisfy this exception, the petitioner bears the burden of showing "either a 'demonstrated probability' or a 'reasonable expectation'" that he would find himself back in immigration detention. See *Oliver v. Scott,* 276 F.3d 736, 741 (5th Cir. 2002) (quoting

4

*Murphy v. Hunt,* 455 U.S. 478, 482 (1982)); *see also Benavides v. Housing Authority,* 238 F.3d 667, 671 (5th Cir. 2001) (recognizing that the party asserting this exception carries the burden). This "standard is not 'mathematically precise' and requires only a 'reasonable likelihood' of repetition." *Oliver,* 276 F.3d at 741 (*quoting Honig v. Doe,* 484 U.S. 305, 318-19 (1988)). Moreover, such exception applies only when "'(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a reasonable expectation that the same complaining party would be subjected to the same action again.'" *See Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 481 (1990) (*quoting Murphy*, 455 U.S. at 482).

      Wilfredo has not demonstrated that the above requisites met. Nothing in his threadbare recitals reasonably suggests that, if he is re-detained, his detention will be of such short duration that he cannot fully litigate his issues then. *See Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (holding that the "capable of repetition doctrine applies only in exceptional situations" where "there is a reasonable expectation that the same complaining party will be subject to the same action again"). Moreover, Wilfredo's contentions appear to stem mainly from his belief that his ongoing removal proceeding is unlawful because Respondents persist in prosecuting him for "baseless allegations of an affiliation to [] Tren de Aragua[.]" Doc. 12 at 7. Because his assertions contest in essence Respondents' decision to commence removal proceedings, this Court lacks jurisdiction, habeas or otherwise, to hear those claims. *See* 8 U.S.C. § 1252(b)(9) ("[N]o court shall have jurisdiction to hear any cause or claim by ... any alien arising from the decision ... to commence proceedings, adjudicate cases, or execute removal orders against any alien ....").

### C. The Voluntary-Cessation Exception Likewise Does Not Apply

Next, Wilfredo asserts that his release from ICE detention amounts to a voluntary cessation of the wrongful conduct and thus this Court retains jurisdiction over his petition. "It is well settled that 'a defendant's voluntary cessation of a challenged practice does not deprive a federal court of its power to determine the legality of the practice.'" *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 189 (2000). The voluntary cessation exception requires the petitioner to establish that (1) the opposing party voluntarily ceased performing the allegedly unlawful action and (2) the petitioner *himself* is likely to face the same allegedly unlawful action again. *Etuk v. Bondi*, No. 3:24-CV-02640-B (BT), 2025 WL 1908738, at *4 (N.D. Tex. Apr. 22, 2025) (citing, among others, *Qassim v. Bush*, 466 F.3d 1073, 1075-76 (D.C. Cir. 2006)), *rec. adopted*, 2025 WL 1908169 (N.D. Tex. July 10, 2025).

Wilfredo's fails to meet his burden of showing the voluntary-cessation exception applies. He asserts only that he was released on supervision within three days after the filing of his motion seeking his immediate release and 18 days after the filing of his habeas petition. Doc. 12 at 5-6. The inference he attempts to draw from the timing of these events is too speculative to support his argument, especially considering that he was arrested initially in March 2025, three months before he petitioned for habeas corpus relief, and was granted permanent resident status in early June. He also proffers no basis to conclude that he will be re-detained, simply conjecturing that he could be re-detained because his removal proceeding is ongoing, and Respondents persist in their effort "to target him based on unsupported allegations of an association with Tren de Aragua." Doc. 12 at 6. In any event, because he substantively

6

challenges Respondents' decision to begin removal proceedings, the Court lacks jurisdiction over his claims, as previously noted.

### III. CONCLUSION

This civil action is moot, as Wilfredo has obtained all the relief sought in his petition—release from detention. Therefore, this petition for writ of habeas corpus should be **DISMISSED WITHOUT PREJUDICE** as moot.

**SO RECOMMENDED** on November 4, 2025.

_____
RENEE HARRIS TOLIVER
UNITED STATES MAGISTRATE JUDGE

### INSTRUCTIONS FOR SERVICE AND
### NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). An objection must identify the finding or recommendation to which objection is made, the basis for the objection, and the place in the magistrate judge's report and recommendation the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to object to 14 days).